UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 07-30022 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL L. THOMPSON | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is the Government's Appeal of Magistrate Judge's Ruling Regarding Production of Witness List and Motion for Bill of Particulars ("Appeal") [Doc. No. 23]. For the following reasons, the Appeal is DENIED, and the Orders of Magistrate Judge Karen L. Hayes [Doc. Nos. 20 & 22] are AFFIRMED.

The Government alleges that from September 26, 1997, through June 30, 2002, Defendant Michael L. Thompson, the former Executive Director of the Poverty Point Reservoir District ("PPRD"), violated the Hobbs Act, 18 U.S.C. § 1951, by obtaining funds from PPRD to which he was not entitled.

The Government is not providing open-file discovery in this matter.

On July 9, 2007, Thompson filed a Motion for Production of Exculpatory and Impeachment Evidence [Doc. No. 8], a Motion to Compel Pretrial Disclosure of 404(b) Evidence [Doc. No. 9], and a Motion for Discovery and Inspection [Doc. No. 10]. On July 16, 2007, the Government filed its own Motion for Discovery [Doc. No. 11].

On July 30, 2007, Thompson filed a Motion for Bill of Particulars [Doc. No. 18].

On August 8, 2007, Magistrate Judge Hayes issued a Memorandum Order [Doc. No. 20], in which she granted Defendant's July 9th motions "to the extent required by Fed. R. Crim. P. 16 and Brady . . . and its progeny." She noted that the Government does not anticipate using 404(b) evidence at this time, but must provide reasonable notice in advance of trial if circumstances change. She granted the Government's Motion for Discovery "to the extent required by Fed. R. Crim. P. 16." Finally, she, sua sponte, ordered the Government "to provide the defendant with a copy of its witness list the Friday before trial."

On August 10, 2007, the Government filed a response [Doc. No. 21] to the Motion for Bill of Particulars.

On August 14, 2007, Magistrate Judge Hayes issued another Memorandum Order [Doc. No. 22] granting in part and denying in part Defendant's Motion for Bill of Particulars. Her order states as follows:

> "The purpose of a bill of particulars is to inform the accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy." United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978). However, the discovery device should not used to compel detailed disclosure of the government's evidence before trial. [United States] v. Sheriff, 546 F.2d 604, 606 (5th Cir. 1977).
>
> Applying the foregoing considerations here, defendant's motion for bill of particulars [doc. #18] is GRANTED-in-Part to the extent he seeks particulars regarding,
>
> 1) the dates on which the government contends an employee of [PPRD] performed labor or work for the personal benefit of defendant and billed [PPRD] for those services;
>
> 2) the specific nature of the services allegedly performed for defendant's personal benefit on the various dates set forth above; and

        3)    the amounts and dates of each billing by the PPRD employee allegedly performed for the personal benefit of defendant.

[Doc. No. 22]. Magistrate Judge Hayes ordered that this information be produced to Defendant within 15 days of the date of her order.

On August 18, 2007, the Government filed the pending Appeal [Doc. No. 23]. The Government objects to that portion of Magistrate Judge Hayes' August 8, 2007 Order in which it was ordered to produce its witness list to Defendant the Friday before trial. The Government points out that Defendant never requested the Government's witness list and argues that it should not be required to produce the list because there is a "real risk" of witness "harassment, coercion or intimidation" by one of Defendant's supporters.

The Government also objects to Magistrate Judge Hayes' August 14, 2007 Order,[1] contending that Defendant is not entitled to a bill of particulars in this matter. Through the discovery already provided, the Government contends that Defendant has been sufficiently apprised of the theory of its case. Therefore, the Government should not have to "comb through this evidence to point out everything with specificity to [Defendant.]"

On August 27, 2007, Defendant filed an opposition memorandum [Doc. No. 24]. He noted that the Government is not providing open file discovery and that the bill of particulars and witness list are, consequently, more important than usual. He argues that Magistrate Judge Hayes' Orders should be affirmed because they were neither clearly erroneous nor contrary to law. Specifically, he responded that the Government's speculation about what Defendant's supporters might do is insufficient to show Magistrate Judge Hayes erred by ordering production of the Government's

---

[1] The Court will refer to the August 8 and August 14 Orders as "Orders."

witness list or to show that the Government is prejudiced.  He further responded that Magistrate Judge Hayes bore the principles behind the bill of particulars in mind when she ordered production of some, but not all, of the information Defendant requested.  Defendant contends that he cannot obtain the information requested by reviewing an employee diary and pay check documents because the diary entries "are far from clear and subject to multiple interpretations."

Between August 27 and September 3, 2007, the Government and Defendant filed memoranda [Doc. Nos. 25, 26, & 27] re-asserting their positions and arguing the appropriate standard of review for the Court to apply to this appeal.  It is the Government's position that the Court may undertake a de novo review of a magistrate judge's findings of law.  Defendant contends that a magistrate judge's orders on non-dispositive matters are to be reviewed only to determine whether they are clearly erroneous or contrary to law.

### A.   Standard of Review

First, the Court finds that it need not address the standard of review to be applied to an appeal of a magistrate judge's ruling on the issues presented.  The Court generally employs a clearly erroneous/contrary to law standard of review to magistrate judge's orders on non-dispositive matters.  However, even under a de novo review, the Court would reach the same conclusion.

### B.   Production of the Government's Witness List

It is within the discretion of the trial court to order the Government to produce a witness list prior to trial.  See United States v. Fischel, 686 F.2d 1082, 1091 (5th Cir. 1982).[2]  Magistrate Judge Hayes appropriately concluded that the witness list should be produced at a reasonable time prior

---

[2] While the Fifth Circuit refers to a defendant's request for a witness list, there is no indication that a court is restricted from sua sponte ordering production of a witness list.

to trial because there is no open-file discovery. This Court would have ordered the same if it had made the initial ruling. The Court does not discount the concerns of the Government, but finds that they can be adequately addressed. The Government's appeal is DENIED, and Magistrate Judge Hayes' August 8, 2007 Order is AFFIRMED.

To protect Government witnesses from potential harassment, intimidation, or coercion, the Court further ORDERS that Defendant's counsel is prohibited from providing the witness list or disclosing the names of the Government's witnesses to anyone other than his staff and Defendant. Defendant is likewise prohibited from providing the witness list or disclosing the names of the Government's witnesses to anyone. Any violation of this protective order will result in contempt proceedings

### C.     Bill of Particulars

The Court has also carefully reviewed the Appeal on Magistrate Judge Hayes' August 14, 2007 Order granting in part Defendant's Motion for Bill of Particulars. The Court finds that Magistrate Judge Hayes accurately stated the law in her Order and applied the appropriate limits in ordering the Government to produce some, but not all, of the information requested by Defendant.

The two-page Indictment in this matter contains a statutorily-sufficient recitation of the charges against Defendant, but certainly does not provide enough information for Defendant to prepare an adequate defense and to avoid prejudicial surprise. While there is no need for a bill of particulars if the Government has otherwise provided Defendant "with the necessary information in another satisfactory form," United States v. Kirkham, 129 Fed. Appx. 61, 72 (5th Cir. 2005), it is not clear that Defendant has been provided the necessary information based on discovery responses alone. The Government has provided some discovery pertinent to the issues, and the Court has no

5

doubt that it has and will continue to comply with its discovery obligations. However, Defendant is alleged to have committed this Hobbs Act violation over a five-year period and has been provided diary entries and other discovery materials which his counsel asserts are less than clear. Under these circumstances, the Court finds that Magistrate Judge Hayes' Order does not require the Government to provide "detailed disclosure" of its evidence prior to trial. See United States v. Perez, 489 F.2d 51 (5th Cir. 1974), and United States v. Bearden, 423 F.2d 805 (5th Cir. 1970).

Accordingly, the Appeal is DENIED, and Magistrate Judge Hayes' August 14, 2007 is also AFFIRMED. The Government is ORDERED to produce the information set forth in Magistrate Judge Hayes' Order within fifteen (15) days of the date of this Ruling.

MONROE, LOUISIANA, this 25th day of September, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE